**In the United States Court of Appeals for the Fifth Circuit**

**NO. 26-20412**

IN RE: QVC GROUP, INC., ET AL.

ADAM GUI, *ET AL.*,
APPELLANTS
V.
QVC GROUP, INC., *ET AL.*,
DEBTORS-APPELLEES,

On Appeal from the United States Bankruptcy Court for the Southern District of Texas

# EMERGENCY MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

Joshua A. Sussberg
Aparna Yenamandra*
Laila M. Kassis
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Chad J. Husnick*
Gabriela Zamfir Hensley*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654

Rex W. Manning
*Counsel of Record*
Katherine McMullen*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

*Counsel for Appellees*

July 30, 2026

*Admission Pending

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this Court may evaluate possible disqualification or recusal.

**DEBTORS-APPELLEES:**

Debtors-Appellees are QVC Group, Inc., Affiliate Distribution & Mktg., Inc., Affiliate Investment, Inc., Affiliate Relations Holdings, Inc., AMI 2, Inc., Ballard Designs, Inc., Cinmar, LLC, Contract Décor, Inc., Cornerstone Brands, Inc., Cornerstone Shared Services, LLC, Diamonique Canada Holdings, Inc., DMS DE, Inc., ER Development International, Inc., ER Marks, Inc., Frontgate Marketing, Inc., Garnet Hill, Inc., GC Marks, Inc., Home Shopping Network En Espanol, L.L.C., Home Shopping Network En Espanol, L.P., HSN Catalog Services, Inc., HSN Holding LLC, HSN Improvements, LLC, HSN, Inc., HSNi, LLC, IC Marks, Inc., Ingenious Designs LLC, Innovative Retailing, Inc., Liberty Acorns, LLC, Liberty Interactive LLC, Liberty Quid, LLC, Liberty QVC Holding, LLC, Liberty Solar Energy LLC, Liberty USA Holdings, LLC, LIC Britco, LLC, LIC Israel Investment, LLC, Live Shop Ventures, LLC, NLG Merger Corp., NSTBC, Inc., QC Marks, Inc., QHealth, Inc., QLocal, Inc., QRI Cornerstone, Inc., Qurate Digital Ventures, LLC, Qurate Retail Group, Inc., QVC Chesapeake, LLC, QVC China, Inc., QVC Delaware Holdings, Inc., QVC Delaware LLC, QVC GCH Company, LLC, QVC Global Corporate Holdings, LLC, QVC Global DDGS, Inc., QVC Global Holdings I, Inc., QVC Global Markets S.à.r.l., QVC Group, Inc., QVC HK Holdings, LLC, QVC India, Ltd., QVC Italy Holdings, LLC, QVC Japan Services, LLC, QVC Northeast LLC, QVC Ontario Holdings, LLC, QVC Ontario, LLC, QVC Realty, LLC, QVC Rocky Mount, Inc., QVC San Antonio, LLC, QVC Shop International, Inc., QVC St. Lucie, Inc., QVC Suffolk, LLC, QVC Vendor Development, Inc., QVC, Inc., Shopping Holdings, LLC, Streaming Commerce Ventures, LLC, The Cornerstone Brands Group, Inc., The Cornerstone Holdings Group, Inc., Ventana Television Holdings, Inc., and Ventana Television, Inc.

**ATTORNEYS FOR DEBTORS-APPELLEES:**

Joshua A. Sussberg
Aparna Yenamandra
Laila M. Kassis
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Rex W. Manning
Katherine McMullen
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

Chad J. Husnick
Gabriela Zamfir Hensley
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654

Jason S. Brookner
Lydia R. Webb
Emily F. Shanks
GRAY REED
1300 Post Oak Blvd.
Houston, Texas 77056

**APPELLANTS:**

Adam Gui, Citadel Americas LLC, Converium Capital Inc., Cygnus Opportunity Fund, LLC, Fore Capital, Highbridge Tactical Credit Institutional Fund, Ltd., Highbridge Tactical Credit Master Fund, L.P., Kenneth Grossman, Mycor L/S Credit Master Fund, LP, New Holland Trading LLC (formerly known as Plum Island Partners LLC)

**ATTORNEYS FOR APPELLANTS:**

Andrew K. Glenn
Kurt A. Mayr
Agustina G. Berro
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas
New York, New York 10036

Mark C. Taylor
KANE RUSSELL COLEMAN LOGAN PC
401 Congress Ave.,
Suite 2100
Austin, Texas 78701

**CREDITOR AD HOC GROUPS:**

QVC Noteholder Group[1]

Brandywine Global Investment Management, LLC

Global Investment Opportunities ICAV

Goldentree Asset Management LP

Morgan Stanley Senior Funding, Inc.

NYL Investors LLC

Oaktree Capital Management, L.P.

Oaktree Fund Advisors, LLC

Schonfeld DMFI Master Fund LP

Whitebox Advisors LLC

RCF Lender Group[2]

---

1 *First Supplemental Joint Verified Statement of Davis Polk & Wardwell LLP and Porter Hedges LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019*, *In re QVC Group, Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex. May 28, 2026), ECF No. 337 (the "QVC Noteholder Group 2019 Statement"). In each case, a listed member of the QVC Noteholder Group may refer to the member acting on behalf of one or more investment funds, separate accounts and other entities owned, controlled, managed, and/or advised by such member or such member's affiliates, as set forth in the QVC Noteholder Group 2019 Statement.

2 *First Supplemental Verified Statement of Simpson Thacher & Bartlett LLP and Howley Law PLLC Pursuant to Federal Rule of Bankruptcy Procedure 2019*, *In re QVC Group, Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex. May 29, 2026), ECF No. 339 (the "RCF Lender Group 2019 Statement"). In each case, a listed member of the RCF Lender Group may refer to the member acting on behalf of one or more investment funds, separate accounts and other entities owned, controlled, managed, and/or advised by such member or

PNC Bank N.A.

Royal Bank of Canada

Silver Point Capital, L.P.

Scotiabank

Strategic Value Partners

Wells Fargo Bank, National Association

LINTA Ad Hoc Group[3]

Anchorage Capital Advisors, L.P.

Aquila Asset Management AG

Brigade Capital Management LP

Calamos Advisors LLC

JMLJ Capital Fund LP

Lazard Asset Management LLC

Manulife Investment Management (US) LLC

---

such member's affiliates, as set forth in the RCF Lender Group 2019 Statement.

[3] *Verified Statement of the LINTA Ad Hoc Group Pursuant to Bankruptcy Rule 2019*, *In re QVC Group, Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex. May 4, 2026), ECF No. 184 (the "LINTA Ad Hoc Group 2019 Statement"). In each case, a listed member of the LINTA Ad Hoc Group may refer to the member acting on behalf of one or more investment funds, separate accounts and other entities owned, controlled, managed, and/or advised by such member or such member's affiliates, as set forth in the LINTA Ad Hoc Group 2019 Statement.

National Life Insurance Company

PPM America, Inc.

**ATTORNEYS FOR CREDITOR AD HOC GROUPS:**

QVC Noteholder Group

John F. Higgins
M. Shane Johnson
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002

Damian S. Schaible
Angela M. Libby
Aryeh Ethan Falk
Helen (Muhan) Zhang
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

RCF Lender Group

Tom A. Howley
Eric Terry
HOWLEY LAW PLLC
700 Louisiana St., Suite 4220
Houston, Texas 77002

Nicholas E. Baker
Moshe A. Fink
Rachael L. Foust
Zachary J. Weiner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

LINTA Ad Hoc Group

Marty L. Brimmage
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field St., Suite 1800
Dallas, Texas 75201

Philip C. Dublin
Brad M. Kahn
Avi E. Luft
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**

Brandie Speed

Easy Way Leisure Corp, Inc.

JCL Design LLC

Waco Shoe Company

**ATTORNEYS FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**

Michael D. Warner
PACHULSKI STANG ZIEHL & JONES LLP
700 Louisiana Street, Suite 4500
Houston, Texas 77002

Robert J. Feinstein
Bradford J. Sandler
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019

**5% OR GREATER EQUITY HOLDERS:**

Alliant Insurance

Asymmetry Point LP

Charles Schwab Investment Management Inc.

Contrarius Investment Management Ltd.

Sona Asset Management (US) LLC

The Vanguard Group

**UNITED STATES TRUSTEE:**

Jana Smith Whitworth
U.S. Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

**ADDITIONAL SPECIAL COUNSEL TO THE DEBTORS RETAINED IN THE CHAPTER 11 CASES:**

Kobre & Kim LLP (counsel to the Disinterested Directors of QVCG[4])
Katten Muchin Rosenman LLP (counsel to Disinterested Directors of QVC)
Holtz, Slavett, Drabkin & Warner, APLC (special tax counsel to the Disinterested Directors of QVCG)
Milbank LLP (counsel to the Disinterested Directors of LINTA)
Seward & Kissel LLP (counsel to the Disinterested Directors at CBI)

s/ *Rex W. Manning*
Attorney for Debtors-Appellees

[4] Capitalized terms used but not otherwise defined in this Certificate of Interested Persons shall have the meanings ascribed to them in the *Order (I) Approving the Debtors' Disclosure Statement for the Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, (II) Confirming the Second Amended Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief, In re QVC Group, Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex. July 20, 2026) ECF No. 722, (the "Confirmation Order") and the *Debtors' Memorandum of Law in Support of an Order (I) Approving the Debtors' Disclosure Statement for the Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, (II) Confirming the Second Amended Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief, In re QVC Group, Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex. June 1, 2026) ECF No. 359, as applicable.

## EMERGENCY MOTION TO DISMISS

Under Fifth Circuit Rule 27.3, Appellees respectfully move the Court to dismiss this appeal for lack of jurisdiction. **Appellees ask that the Court rule by 11:59 PM CT on Monday, August 3, 2026,** and propose the following schedule:

| | |
|---|---|
| Appellees' Motion to Dismiss: | 2:00 PM CT – Thursday, July 30, 2026 |
| Appellants' Opposition: | 2:00 PM CT – Friday, July 31, 2026 |
| Appellees' Reply: | 2:00 PM CT – Saturday, August 1, 2026 |
| Oral Argument (if necessary): | 9:00 AM CT – Monday, August 3, 2026 |
| Court's Decision: | 11:59 PM CT – Monday, August 3, 2026 |

Emergency relief is necessary. On July 20, 2026, the bankruptcy court issued an order confirming Appellees' chapter 11 plans of reorganization. Ex.H. Under Bankruptcy Rule 3020(e), unless the bankruptcy court rules otherwise—and it did *not* so rule here—"a confirmation order is stayed for 14 days after its entry." Fed.R.Bankr.P. 3020(e). That stay is therefore set to lift at 12:00 AM CT on August 4, 2026, and Appellees stand ready, willing, and able to emerge from bankruptcy no later than August 5, 2026. Appellants, however, have twice sought (unsuccessfully) to stay the

confirmation order pending their appeal of its entry, *see* Exs. A, B, E, J, and have communicated their intent to seek both a full-length stay and an administrative stay from this Court on an emergency basis.

If Appellees cannot emerge from bankruptcy on August 4 or shortly thereafter, they will suffer irreparable harm. As the uncontested and uncontradicted evidence presented in the bankruptcy court established, Debtors' chapter 11 proceedings have been associated with significant revenue declines, lost opportunities, added business and economic stress, increased letter-of-credit and retention costs from vendor and employee uncertainty, and mounting professional fees—all of which cannot be recovered. Ex. G. Each day Debtors must stay in bankruptcy only amplifies those harms and puts at risk the Restructuring Support Agreement (which locks in creditor votes necessary for the chapter 11 plans to succeed) and two credit facilities Debtors have in place to fund the restructuring and provide liquidity upon exit. *Id*. Were Debtors to lose the Support Agreement, the chapter 11 proceedings themselves could unravel, which would put at risk over 15,000 jobs that emerging from bankruptcy now would preserve. Ex.D. at 15:17-17:12.

Undersigned counsel certifies that the facts supporting emergency consideration of this motion are true and complete. In support of their motion, Appellees state as follows:

1. "Under 28 U.S.C. §158(d), [this Court] ha[s] jurisdiction to hear appeals from all final decisions, judgments, orders, and decrees." *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008). "[A] district court's denial of a stay pending an appeal of a bankruptcy court's order confirming a reorganization plan is *not* a final order under 28 USC §158(d)." *In re National CineMedia, L.L.C.*, No. 23-20367, 2023 WL 11892831 (5th Cir. Aug., 9, 2023) (per curiam) (emphasis added) (citing *In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1985)). That's because such orders "d[o] not conclusively determine the outcome of the appeal, which remains pending" in the district court. *Barrier*, 776 F.2d at 1299.

Here, Appellants sought emergency stays pending appeal in the bankruptcy court and district court, lost both times, and now appeal the district court's order denying their second stay motion. *See* Dkt.1 ("Notice is hereby given that appellants…appeal to the United States Court of Appeals for the Fifth Circuit th[e] [district c]ourt's Order…denying Appellants' emergency motion for a stay pending appeal…."); *see also* Ex. E (bankruptcy-

court stay motion); Ex. D (bankruptcy-court stay ruling); Ex. J (bankruptcy-court stay denial); Ex. B (district-court stay motion); Ex. A (district-court stay denial). Their appeal of the bankruptcy court's final order confirming Appellees' chapter 11 plans remains pending in the district court. *See generally Gui v. QVC, Inc.*, No. 4:26-cv-05680 (S.D. Tex.).

This Court therefore lacks appellate jurisdiction over this appeal. *See In re National CineMedia, L.L.C.*, 2023 WL 11892831, at *1 (finding lack of jurisdiction); *In re Barrier*, 776 F.2d at 1299 (same).

2. Nor is there any other basis for appellate jurisdiction. Denial of a stay motion is not an interlocutory order denying, granting, or modifying an injunction, and so does not give rise to appellate jurisdiction under 28 U.S.C. §1292(a)(1). *See Barrier*, 776 F.2d at 1299 ("the district court's denial of a stay cannot be reviewed by this court pursuant to 28 U.S.C. §1292"); *see also In re Piperi*, No. 96-20262, 1997 WL 73798, at *4 n.7 (5th Cir. 1997) ("section 1291 employs, if anything, a stricter standard for finality than section 158(d)").

In their notice of appeal, Appellants also invoked Civil Rule 6 and Bankruptcy Rules 8002(a)(1)-(2) and 8003. Dkt.1 at 1. But none of those Rules provides an independent basis for jurisdiction. Civil Rule 6 governs computing and extending time in the district court and is inapplicable to a

federal appeal. *See* Fed.R.Civ.P. 6; *Moore v. Hood Cnty.*, 20 F.3d 468, 468 (5th Cir. 1994) (per curiam) ("The Federal Rules of Appellate Procedure, not the Federal Rules of Civil Procedure, govern procedure in appeals to this Court."). Appellate Rule 6, if that is what Appellants meant to refer to instead, is a purely procedural rule that governs the mechanics of how an appeal is conducted; it cannot independently confer appellate jurisdiction. *See* Fed.R.App.P. 1 (the Appellate Rules "govern procedure in the United States courts of appeals"). Bankruptcy Rule 8002(a)(1) merely requires that a notice of appeal be filed within 14 days after entry of the final judgment, order, or decree. Fed.R.Bankr.P. 8002(a)(1). Bankruptcy Rule 8002(a)(2) treats a notice of appeal filed after a ruling is announced but before an order is entered as filed on the date of, and after entry of, the order. Fed.R.Bankr.P. 8002(a)(2). And Bankruptcy Rule 8003 outlines the mechanics of taking an appeal as of right and how such an appeal is docketed. Fed.R.Bankr.P. 8003.

3. This Court also lacks jurisdiction to issue a stay pending appeal because there is no appeal (besides the appeal of the stay denial) pending in this Court. Appellants have taken this appeal to ask the Court to stay the confirmation order pending an appeal over which it does not yet have jurisdiction because the confirmation-order appeal is pending—and will

take place in—the district court. *Cf. Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756–57, 760 (10th Cir. 1993) (holding that prerequisite for appellate consideration of motion for stay is appellate jurisdiction over underlying appeal).

4. When "the district court denies a stay pending appeal of a bankruptcy court's order," a dissatisfied party "may seek only a writ of mandamus under the All Writs Statute." *In re Topco, Inc.*, 894 F.2d 727, 735 n.12 (5th Cir. 1990); *see also* 28 U.S.C. §1651. But Appellants did not invoke the All Writs Statute in their notice of appeal. *See generally* Dkt.1. And for good reason: They have no basis to seek that "extraordinary remedy." *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005) (per curiam). When the issue on which mandamus is sought "is one committed to the discretion of the trial court," a petitioner may secure relief only by showing that the challenged ruling "amounts to a judicial usurpation of power." *In re Gee*, 941 F.3d 153, 158–59 (5th Cir. 2019) (per curiam) (citation omitted).

Appellants cannot make that showing. Some examples make the abstract concrete. This Court has issued a writ when a district court imposed an illegal sentence for a criminal offense (placing defendants on probation when the law categorically prohibited probation for the convicted offense).

*United States v. Denson*, 603 F.2d 1143, 1145 (5th Cir. 1979) (en banc). It has also granted mandamus relief when a district court held a civil-contempt hearing but imposed a criminal penalty (a forty-eight-hour jail sentence). *In re Collier*, 582 F. App'x 419, 423 (5th Cir. 2014), *as revised* (Sept. 24, 2014). Here, by contrast, the bankruptcy court, in a 25-minute oral ruling, explained in detail the basis for the stay denial with reference to the well-established stay factors and this Court's precedent. Ex. D. And the district court "reviewed the record and the parties' thorough briefing" and "concluded that Appellants…failed to carry their burden." Ex. A at 2. Those rulings reflect care and restraint in applying the law, not the judicial usurpation of power.

## CONCLUSION

The Court should dismiss the appeal.

July 30, 2026

Respectfully submitted,

s/ Rex W. Manning
Rex W. Manning
*Counsel of Record*
Katherine McMullen*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 389-5000

Joshua A. Sussberg
Aparna Yenamandra*
Laila M. Kassis
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Chad J. Husnick*
Gabriela Zamfir Hensley*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654

**Admission Pending*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above response brief was filed electronically on July 30, 2026, and will therefore be served electronically upon all counsel.

*s/ Rex W. Manning*

Rex W. Manning

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, the undersigned certifies that on July 30, 2026, counsel for Appellees notified counsel for Appellants of this motion, who did not confirm whether they oppose or plan to file a response, but Appellees expect that they will both oppose and respond.

s/ *Rex W. Manning*
Rex W. Manning

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this motion complies with the word limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,384 words. This motion also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) because it has been prepared in a proportionally spaced, roman-style serif typeface of 14 points or more.

*s/ Rex W. Manning*
Rex W. Manning