No. 26-20412

IN THE

# United States Court of Appeals for the Fifth Circuit

_____

**In re: QVC GROUP, INC.,** *et al.*,
*Debtors*,

_____

**ADAM GUI,** *et al.*,
*Appellants*,

**v.**

**QVC GROUP, INC.,** *et al.*,
*Appellees*.

_____

On Appeal from the United States Bankruptcy Court, Southern District of Texas, Houston Division, Case No. 26-90447

Appeal Pending in the United States District Court, Southern District of Texas, Houston Division, Case No. 26-cv-05680

_____

**APPELLANTS' OPPOSITION TO APPELLEES' EMERGENCY MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION**

_____

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn
ATTORNEY-IN-CHARGE
Kurt A. Mayr (*admission forthcoming*)
Agustina G. Berro (*admission forthcoming*)
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 970-1601
Email: aglenn@glennagre.com

-and-

**CLEMENT & MURPHY, PLLC**

Paul D. Clement
Danielle Sassoon

706 Duke Street
Alexandria, Virginia 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com

-and-

**KANE RUSSELL COLEMAN LOGAN PC**

Mark C. Taylor
Texas Bar No. 19713225
401 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 487-6650
Email: mtaylor@krcl.com

*Counsel to Appellants*

Appellants, preferred shareholders ("Preferred Shareholders") of QVC Group, Inc. ("QVCG" and with its affiliated debtors, "Debtors"), respectfully oppose Appellees' motion to dismiss ("Mot."), Dkt.14.[1]

1.    Although Appellees brand their motion as an "emergency motion," Mot.1, there is no basis for treating it as such. Appellees suffer no irreparable injury—nor, indeed, any injury—from the filing of a notice of appeal, and articulate no justification for expediting this Court's consideration or resolution of their motion. Indeed, while Appellees claim that "they will suffer irreparable harm" if they "cannot emerge from bankruptcy on August 4," Mot.2, they make no effort whatsoever to explain why a notice of appeal would prevent them from doing so. That is because it would not: the alleged harm they identify would stem from the grant of a stay of the Bankruptcy Court's confirmation order, not from Appellants' notice of appeal. There is no support for treating this motion as an emergency motion, nor for expediting this Court's disposition of it.

2.    Nor is there any ground for dismissing this appeal. Preferred Shareholders' Stay Motion, explicitly invoked the All Writs Act, 28 U.S.C. §1651(a), which all agree confers on this Court jurisdiction to issue a writ of mandamus

---

[1]    Capitalized terms used but not defined herein shall have the meanings given to those terms in Appellants' motion for stay pending appeal (the "Stay Motion" or "Stay Mot."), Dkt. 13.

directing the District Court itself to enter a stay. *See* Stay Mot.5; *In re Barrier*, 776 F.2d 1298, 1300 (5th Cir. 1985). Indeed, Appellees' own authorities confirm this Court's jurisdiction to grant mandamus relief in precisely these circumstances. Mot.3, 6 (*citing In re Barrier*, 776 F.2d at 1299; *In re Topco, Inc.*, 894 F.2d 727, 735 n.12 (5th Cir. 1990)). Preferred Shareholders' invocation of §1651 is sufficient for this Court to exercise jurisdiction and grant a writ of mandamus.

3. If this Court determines that Preferred Shareholders' explicit invocation of §1651 is not sufficient to request mandamus relief, it should exercise its inherent authority to construe the request for a stay as one for a writ of mandamus. This Court routinely does so in comparable cases, and Appellees' motion contains no explanation for why such a course would be inappropriate here. *See Matter of Nat'l CineMedia, L.L.C.*, No. 23-20367, 2023 WL 11892831, at *1 (5th Cir. Aug. 9, 2023) ("We have previously construed a motion to stay as a motion for a writ of mandamus, which does confer this court with jurisdiction.") (citing *In re Barrier*, 776 F.2d at 1299-1300); *see also S. Pac. Transp. Co. v. San Antonio ex rel. City Pub. Serv. Bd.*, 748 F.2d 266, 270 (5th Cir. 1984); *cf. United States v. Briggs*, 514 F.2d 794, 808 (5th Cir. 1975) (court has discretion to treat mere appeal as petition for writ of mandamus). Whether by recognizing that Preferred Shareholders' Stay Motion requests mandamus relief, or by reconstruing that request as doing so, this Court should treat the motion as one for mandamus and grant such relief expeditiously.

4.     In all events, this dispute is largely semantic.  As this Court recognized in granting a writ of mandamus directing the district court to stay a bankruptcy court order in *In re First South Savings Ass'n*, 820 F.2d 700 (5th Cir. 1987), the factors a court considers in determining whether to grant a writ of mandamus in this context are substantially the same as those it considers in whether to grant a stay pending appeal.  A court determining whether to grant mandamus relief must assess whether the applicant has "no other adequate means to attain the relief he desires" and whether "his right to issuance of the writ is 'clear and indisputable.'"  *Id.* at 705. And because *In re Barrier* deprives the Court of jurisdiction over denials of motions to stay bankruptcy court orders, 776 F.2d at 1299, the first element is always satisfied, *In re First South Savings Ass'n*, 820 F.2d at 708-09.

Quoting *In re Gee*, 941 F.3d 153, 158-59 (5th Cir. 2019), Debtors suggest that Appellants can secure mandamus only "by showing that the challenged ruling 'amounts to a judicial usurpation of power.'"  *See* Mot.6.  They omit, however, that *Gee* and other cases hold that when a district court "clearly abused its discretion" *that* "amounts to a judicial usurpation of power."  *Gee*, 941 F.3d at 158-59.  Whether to grant a writ of mandamus directing the District Court to stay the Bankruptcy Court's order thus turns solely on whether it is "clear and indisputable" that the District Court abused its discretion in denying a stay pending appeal.  *First South,* 820 F.2d at 709.  This Court therefore assess for itself the traditional stay factors:

"(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *Id.*

As explained in the Stay Motion, all those factors favor the grant of a stay.

First, Preferred Shareholders are likely to succeed on the merits because the Bankruptcy Court made serious errors of law, including: (i) failing to conduct its own independent analysis of the claims that were settled pursuant to Bankruptcy Rule 9019, (ii) disregarding the interests of the Preferred Shareholders of a solvent entity, (iii) misapplying this Court's seminal decision in *In re Serta Simmons Bedding, L.L.C.*, 125 F.4th 555 (5th Cir. 2024) in holding that all Preferred Shareholders were receiving equal treatment under the Plan, and (iv) misinterpreting Section 1129(a)(10) of the Bankruptcy Code—which requires at least one impaired class of claims to accept a Chapter 11 plan—to permit debtors to disenfranchise creditors in a settlement.

In *First South*, the Court determined that there was an abuse of discretion warranting reversal because the district court failed to properly evaluate the likelihood of success prong. *See id.* ("[T]he district court clearly abused its discretion . . . We need focus only on the question of First South's likelihood of success on the merits to draw that conclusion"). Notably, the issues in *First South*

4

were fact-intensive but the Court still granted mandamus even under the deferential "clearly erroneous" standard. *See id.* at 711. The legal errors here are not entitled to the deference afforded to the findings of fact in *First South*, making the case for a stay even stronger.

Second, absent a stay, the Preferred Shareholders will suffer irreparable harm because Debtors will consummate the Plan and then argue that appellate review is equitably moot to shield their insider giveaway from appellate review. *See First South*, 820 F.2d at 709 n.11 (emphasizing "significance of the fact" that appeal would likely be rendered moot for irreparable harm prong); Stay Mot.20-21.

Third, a stay will not substantially harm other parties because the Court can tailor relief, limiting the scope of the stay to the Plan's QVCG-specific provisions that threaten appellate rights. *See* Stay Mot.21. Indeed, the Plan itself supports such tailored relief. *See id.*

Fourth, the public interest compels a stay. There is an obvious public interest in ensuring proper scrutiny of an insider-driven settlement and the disclosure of material litigation risks to the public securities markets. *See id.* at 23.

Under these circumstances, the Court should issue a limited writ of mandamus requiring that the District Court enter a stay pending appeal. Indeed, as in *First South*, mandamus is proper because there is "no other avenue of relief available," *First South*, 820 F.2d at 715, and a writ of mandamus is the Preferred Shareholders'

5

only means to protect their appellate rights.  *See* Ex. 5.[2] *First South*, quoting the Ninth Circuit, noted the unique concern in the bankruptcy context where, as here, "a bankruptcy appellant in the district court is threatened with irreparable harm and there are no other means, including the eventual appeal, to protect himself from this harm."  820 F.2d at 715 n.19 (quoting *In re Teleport Oil Co.*, 759 F.2d 1376, 1378 (9th Cir. 1985)); *see also In re Barrier*, 776 F.2d at 1299-1300.

Absent such limited writ, the Debtors will take irreversible action during the appeal, which could impair the Preferred Shareholders' ability to obtain a full remedy.  In the *Robertshaw* case, the district court denied a stay at 11:07 a.m., and the debtors used the hours that followed to "rush[] to close the Sale to moot [the] Appeal," closing at approximately 4:00-4:10 p.m., shortly before this Court granted an administrative stay at 5:59 p.m. that same day.  *In re Robertshaw US Holding Corp.*, No. 24-20436, Dkt. 84 at 2-3 (5th Cir. Oct. 21, 2024).  Even same-day relief arrived too late.  The same risk is present here: absent a stay, Debtors can consummate the Plan and implement the Intercompany Settlement before this Court can rule, just as the debtors in *Robertshaw* closed their sale before a stay could take effect. That risk counsels against any delay in granting interim relief.

Any argument that the Motion to Dismiss should be granted because the Stay Motion was styled as an appeal rather than as a request for writ of mandamus exalts

---

[2]    Citations to "Ex." refer to exhibits attached to the Stay Motion.

form over substance as this Court has rejected that very distinction. *See Barrier*, 776 F.2d at 1300. As *Barrier* and *First South* make clear, the analysis is functionally the same, and the extraordinary circumstances here satisfy either standard for the reasons already articulated in the Stay Motion.

Accordingly, the Preferred Shareholders respectfully request that the Court issue a "limited" mandamus requiring the District Court to enter a stay pending appeal of the Bankruptcy Court's order and to hold a prompt hearing on the merits of the appeal.

[*Remainder of page intentionally left blank*]

Dated: July 31, 2026

**KANE RUSSELL COLEMAN LOGAN PC**

By: /s/ *Mark C. Taylor*
Mark C. Taylor
Texas Bar No. 19713225
401 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 487-6650
Email: mtaylor@krcl.com

-and-

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn
ATTORNEY-IN-CHARGE
Kurt A. Mayr (*admission forthcoming*)
Agustina G. Berro (*admission forthcoming*)
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 970-1601
Email: aglenn@glennagre.com
        kmayr@glennagre.com
        aberro@glennagre.com

-and-

**CLEMENT & MURPHY, PLLC**

Paul D. Clement
Danielle Sassoon
Niccolo A. Beltramo
706 Duke Street
Alexandria, Virginia 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com
        danielle.sassoon@clementmurphy.com
        niccolo.beltramo@clementmurphy.com

*Counsel to Appellants*

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing Opposition complies with the type-volume limitations of Fed. R. App. P. 5(c)(1) because it contains 1,635 words, excluding the parts of the Opposition exempted by Fed. R. App. P. 32(f).  This Opposition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type style.

*/s/ Mark. C. Taylor*
Mark C. Taylor

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on July 31, 2026, I served the foregoing Opposition upon all parties and/or counsel of record via CM/ECF .

*/s/  Mark C. Taylor*
*Mark C. Taylor*